UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

KAREN MACVICAR RABORN,

    Debtor.
_____/

Case No. 6:22-bk-04240-LVV

Chapter 7

MOTION TO APPROVE STIPULATION
FOR ENTRY OF AGREED FINAL JUDGMENT

    Creditor, Catholic Diocese of Orlando ("**Diocese**"), and Debtor, Karen MacVicar Raborn ("**Debtor**" and together with Diocese, the "**Parties**"), by and through their undersigned counsel, file this agreed stipulation requesting the Court enter a final judgment finding the Criminal Restitution Judgment (defined below) is non-dischargeable. The Parties hereby stipulate as follows:

    1.    On November 29, 2022, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division (Doc. No. 1 in Case No. 6:22-bk-04240-LVV) (the "**Bankruptcy Case**").

    2.    Before the Debtor filed her Bankruptcy Case, on April 28, 2009, the Circuit Court of Seminole County, Florida, Criminal Division (the "**Criminal Court**") sentenced the Debtor to seventy-two months in prison and ordered her to pay restitution to the Diocese in the amount of $929,082.00 (the "**Criminal Restitution Obligation**") (Criminal Court Case No. 07-5524CFA).

    3.    The Court then entered a Restitution Judgment (the "**Judgment**") for the Criminal Restitution Obligation in the amount of $929,082.00. A copy of the Judgment is attached hereto as **Exhibit A**.

4879-9631-7267.1

4. Diocese advised the Debtor of its intention to file an adversary proceeding, seeking a judgment finding the Criminal Restitution Obligation is non-dischargeable.

5. The parties hereby stipulate that the Criminal Restitution Obligation and Judgment are non-dischargeable, fully enforceable, and unaffected by the Debtor's Bankruptcy Case under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code.

6. The parties request the Court enter a final judgment finding the Criminal Restitution Obligation and Judgment are non-dischargeable, fully enforceable, and unaffected by the Debtor's Bankruptcy Case.

Respectfully submitted this 6th day of March 2023.

/s/ *Danielle L. Merola*
Danielle L. Merola, Esq.
Florida Bar No.: 120120
BAKER & HOSTETLER LLP
200 S. Orange Ave.
Suite 2300
Orlando, FL 32801-3432
Tel: (407) 649-4000
Fax: (407) 841-0168
Email:  dmerola@bakerlaw.com
*Attorney for Catholic Diocese of Orlando*

-and-

 /s/ *Walter F. Benenati*
Walter F. Benenati, Esq.
Credit Attorney P.A.
2702 E. Robinson St.
Orlando, FL 32803
Tel: (407) 777-7777
Email: wfb@777lawfirm.com
*Attorney for Debtor Karen MacVicar Raborn*

4879-9631-7267.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2023, the foregoing *Motion to Approve Stipulation for Entry of Agreed Final Judgment* was filed using the Court's CM/ECF System which will send a Notice of Electronic Filing and copy to all parties requesting such notice.

*/s/ Danielle L. Merola*
Danielle L. Merola

# **EXHIBIT A**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

*corrected*

_____ **VICTIM IS A MINOR**       CASE NO. ___07-5524CFA___
_____ **RESENTENCING - RETRIAL**
_____ **PROBATION VIOLATOR**      OBTS # _____
_____ **COMMUNITY CONTROL VIOLATOR**
_____ **DRUG OFFENDER VIOLATOR**  COURT REPORTER ___GOODALL___

STATE OF FLORIDA                  **CORRECTED MINUTES, JUDGMENT AND SENTENCE**
VS.
___KAREN MACVICAR RABORN___
DEFENDANT

COURT WAS OPENED WITH THE HONORABLE ___O.H. EATON, JR.___
PRESIDING, AND IN ATTENDANCE: ASSISTANT STATE ATTORNEY ___KYAN WARE___
COURT CLERK ___S. WINSLOW___.

THE DEFENDANT, ___KAREN MACVICAR RABORN___, BEING PERSONALLY BEFORE THIS
COURT REPRESENTED BY ___ADAM REISS___, ATTORNEY OF RECORD AND HAVING:

( ) BEEN TRIED AND FOUND GUILTY
( ) ENTERED A PLEA OF GUILTY
(✓) ENTERED A PLEA OF NOLO CONTENDERE

| COUNT | CRIME/STATUTE NUMBER(S) | DEGREE OF CRIME |
|---|---|---|
| 01 | ORGANIZED FRAUD  817.034(4)(A)(1) | F-1 |
| 02 | GRAND THEFT  812.014(2)(C)(1) | F-3 |

( ) **REVOKED PROBATION/COMMUNITY CONTROL**
( ) **CONFIRMED** PRIOR ADJUDICATION OF GUILT
(✓) **ADJUDICATED GUILTY**: AND NO CAUSE HAVING BEEN SHOWN WHY DEFENDANT
SHOULD NOT BE ADJUDICATED GUILTY, IT IS ORDERED THAT THE DEFENDANT IS
HEREBY ADJUDICATED GUILTY OF THE ABOVE CRIME(S).
( ) **ADJUDICATION WITHHELD**: IT IS ORDERED THAT ADJUDICATION OF GUILT BE
WITHHELD OF THE ABOVE CRIME(S).
( ) AND PURSUANT TO SEC. 943.325, F.S. HAVING BEEN CONVICTED OF ATTEMPTS OR
OFFENSES RELATING **TO CHAPTERS 794 OR 800; SS 784.02, 784.045, 812.133 OR 812.135, F.S.**,
THE DEFENDANT SHALL BE REQUIRED TO SUBMIT **TWO** BLOOD SPECIMENS.
(✓) CORRECTED TO REFLECT: COURT ADJUDICATED DEFENDANT GUILTY AS TO BOTH
COUNTS 01 AND 02., NUNC PRO TUNC 4/23/09

Done and Ordered at Sanford, Seminole County, Florida, this ___28___ day of ___April___, 2009

_____
CIRCUIT JUDGE

DISTRIBUTION: WHITE-COURT FILE; GREEN-SHERIFF; YELLOW-STATE ATTORNEY; PINK-PROBATION & PAROLE;
GOLDENROD-DEFENSE ATTORNEY; _____ DEPT OF CORRECTION (2)
_____ SENTENCING GUIDELINES COMMISSION

CR0407.088



IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA.

STATE OF FLORIDA,
    Plaintiff,

CASE NO: **07-5524 CFA**

VS. **Karen Macvicar Raborn**,
    Defendant

FILED APR 28 2009 CLERK SEMINOLE COUNTY

## RESTITUTION JUDGMENT

THE COURT HAVING

**X**    found that probation is not an appropriate sentence in this cause and having further found that restitution must be ordered in this cause, and

_____    previously ordered the defendant to pay restitution as a condition of probation, and

for the reasons heretofore set forth in the record pursuant to Chapter 775.089(6), Florida Statutes, that the appropriate remedy to protect the rights of the victim herein is to order a judgment for restitution rather than ordering the defendant to pay as a condition of probation or make periodic payments based upon the defendant's ability to pay, it is, therefore,

ORDERED AND ADJUDGED:

1. The victim, **Catholic Diocese of Orlando, P.O. Box 1800, Orlando, FL 32822-1800**, does have and recover from the defendant, **Karen Macvicar Raborn** (DOB ████), the sum of $ **929,082.00**, for which let execution issue forthwith.

2. The Clerk of this Court shall issue forthwith to said victim a certified copy of this order and judgment without cost to said victim.

3. This judgment shall bear interest at the rate of **eight** per cent (~~six~~) per annum pursuant to Chapter 55.03, Florida Statutes.

**8%**    DONE and ORDERED this **28** day of **April**, 200**9**, at Sanford, Seminole County, Florida.

_____
CIRCUIT JUDGE

DISTRIBUTION:  White - Court File
               Blue - Defendant
               Green - Victim c/o State Attorney's Office
               Yellow - State Attorney
               Pink - Florida Department of Corrections (when applicable)
               Goldenrod - Defendant's Attorney of Record

CR0903.028

SQ

## RULE 3.992(a) CRIMINAL PUNISHMENT CODE SCORESHEET

| 1. DATE OF SENTENCE 4/23/09 | 2. PREPARER'S NAME ☐ DC ☒ SAO Kyan M. Ware, Esq | 3. COUNTY Seminole | 4. SENTENCING JUDGE Hon. O.H. Eaton | |
|---|---|---|---|---|
| 5. NAME (LAST, FIRST, M.I.) RABORN, Karen Macvicar | 6. DOB [redacted] 7. DC # | 8. RACE ☐B ☒W ☐OTHER 9. GENDER ☐M ☒F | 10. PRIMARY OFF. DATE 02/01/2000 11. PRIMARY DOCKET # 07-05524-CFA | 12. PLEA ☐ TRIAL ☐ |

**I. PRIMARY OFFENSE:** If Qualifier, please check ☐A ☐S ☐C ☐R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S. No. | DESCRIPTION | OFFENSE LEVEL | POINTS |
|---|---|---|---|---|
| 1st | 812.014(2)(a)1 | Grand Theft Of More Than $100,000 | 7 | I. 56.0 |

(Level – Points: 1 = 4, 2 = 10, 3 = 16, 4 = 22, 5 = 28, 6 = 36, 7 = 56, 8 = 74, 9 = 92, 10 = 116)
Prior capital felony triples Primary Offense points ☐

**FILED APR 23 2009 CLERK SEMINOLE COUNTY**

**II. ADDITIONAL OFFENSES(S):** Supplemental page attached ☐

| DOCKET No. | FEL/MM DEGREE | F.S. No. | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| 07-05524 CFA | F1 | 817.034(4)(a) | 6 | ☐☐☐☐ | 1 | 18.0 | 18.0 |

Description: **Organized Fraud Of $50,000 Or More**

| | n/a | | n/a | ☐☐☐☐ | x n/a = |
Description: _____

| | n/a | | n/a | ☐☐☐☐ | x n/a = |
Description: _____

(Level – Points: M = 0.2, 1 = 0.7, 2 = 1.2, 3 = 2.4, 4 = 3.6, 5 = 5.4, 6 = 18, 7 = 28, 8 = 37, 9 = 46, 10 = 58)
Prior capital felony triples Additional Offense points ☐

Supplemental page points _____

II. 18.0

**III. VICTIM INJURY:**

| | NUMBER | TOTAL | | | NUMBER | TOTAL |
|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 X 0 = | 0 | Slight | 4 X 0 = | 0 |
| Death | 120 X 0 = | 0 | Sex Penetration | 80 X 0 = | 0 |
| Severe | 40 X 0 = | 0 | Sex Contact | 40 X 0 = | 0 |
| Moderate | 18 X 0 = | 0 | | | |

III. 0.0

**IV. PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S. No. | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| n/a | | n/a | ☐☐☐☐ | | x | n/a | |
| n/a | | n/a | ☐☐☐☐ | | x | n/a | |
| n/a | | n/a | ☐☐☐☐ | | x | n/a | |
| n/a | | n/a | ☐☐☐☐ | | x | n/a | |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a x | n/a = | 0.0 |

(Level – Points: M = 0.2, 1 = 0.5, 2 = 0.8, 3 = 1.6, 4 = 2.4, 5 = 3.6, 6 = 9, 7 = 14, 8 = 19, 9 = 23, 10 = 29)

Supplemental page points  0.0

IV.  0.0

Page 1 Subtotal:  74.0

|      |                                                                                                                                                                                              |         |      |
|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------|------|
|      |                                                                                                                                                                             Page 1 Subtotal: | | 74.0 |
| V.   | Legal Status violation = 4 Points                                                                                                                                            | V.      | 0.0  |
| VI.  | Community Sanction violation before the court for sentencing<br>6 points x each successive violation OR<br>New felony conviction = 12 points x each successive violation     | VI.     | 0.0  |
| VII. | Firearm/Semi-Automatic or Machine Gun = 18 or 25 Points                                                                                                                      | VII.    | 0.0  |
| VIII.| Prior Serious Felony = 30 Points                                                                                                                                             | VIII.   | 0.0  |
|      |                                                                                                                                             Subtotal Sentence Points:        |         | 74.0 |

IX. Enhancements (only if the primary offense qualifies for enhancement)

| Law Enforcement Protection | Drug Trafficking | Grand Theft Motor Vehicle | Street Gang (offenses committed on or after 10/01/96) | Domestic Violence (offenses committed on or after 10/01/97) |
|---|---|---|---|---|
| ☐ x1.5  ☐ x2.0  ☐ x2.5 | ☐ x 1.5 | ☐ x 1.5 | ☐ x 1.5 | ☐ x 1.5 |

Enhanced Subtotal Sentence Points    IX.  0.0

**TOTAL SENTENCE POINTS**    74.0

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction.

If total sentence points are greater than 44:

**74.0** Total sentence points   Minus 28 =   **46.0**   X .75   **35.0** Lowest permissible prison sentence in months

The maximum sentence is up to the statutory maximum for the primary and any additional offenses as provided in s. 775.082, F.S., unless the lowest permissible sentence under the code, exceeds the statutory maximum. Such sentences may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

**60** Maximum sentence in years

## TOTAL SENTENCE IMPOSED

|                       |                  | Years | Months | Days |
|-----------------------|------------------|-------|--------|------|
| ☒ State Prison        | ☐ Life           |       | 72     |      |
| ☐ County Jail         | ☐ Time Served    |       |        |      |
| ☐ Community Control   |                  |       |        |      |
| ☐ Probation           |                  |       |        |      |

Please check if sentenced as ☐ habitual offender, ☐ habitual violent offender, ☐ violent career criminal, ☐ prison releasee reoffender, or a ☐ mandatory minimum applies.

☐ Mitigated Departure    ☒ Plea Bargain

Other Reason: _____

_[signature]_

**JUDGE'S SIGNATURE**

## 3.992(b) CRIMINAL PUNISHMENT CODE SUPPLEMENTAL SCORESHEET

| NAME (LAST, FIRST, M.I.) | DOCKET # | DATE OF SENTENCE |
|---|---|---|
|  |  |  |

**II. ADDITIONAL OFFENSES(S):** Supplemental page attached ☐

| DOCKET No. | FEL/MM DEGREE | F.S. No. | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| n/a / | n/a / | n/a | / n/a | ☐☐☐☐ | n/a X | n/a = | 0.0 |
| Description: | n/a | | | | | | |
| n/a / | n/a / | n/a | / n/a | ☐☐☐☐ | n/a X | n/a = | 0.0 |
| Description: | n/a | | | | | | |
| n/a / | n/a / | n/a | / n/a | ☐☐☐☐ | n/a X | n/a = | 0.0 |
| Description: | n/a | | | | | | |
| n/a / | n/a / | n/a | / n/a | ☐☐☐☐ | n/a X | n/a = | 0.0 |
| Description: | n/a | | | | | | |
| n/a / | n/a / | n/a | / n/a | ☐☐☐☐ | n/a X | n/a = | 0.0 |
| Description: | n/a | | | | | | |

(Level – Points: **M** = 0.2, **1** = 0.7, **2** = 1.2, **3** = 2.4, **4** = 3.6, **5** = 5.4, **6** = 18, **7** = 28, **8** = 37, **9** = 46, **10** = 58)

II. ___0.0___

**IV. PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S. No. | OFFENSE LEVEL | QUALIFY A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |
| n/a | n/a | n/a | ☐☐☐☐ | n/a | n/a X | n/a = | 0.0 |

(Level – Points: **M** = 0.2, **1** = 0.5, **2** = 0.8, **3** = 1.6, **4** = 2.4, **5** = 3.6, **6** = 9, **7** = 14, **8** = 19, **9** = 23, **10** = 29)

IV. ___0.0___

## Reasons for Departure – Mitigating Circumstances

(reasons may be checked here or written on the scoresheet)

☐ Legitimate, uncoerced plea bargain
☐ The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.
☐ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.
☐ The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment.
☐ The need for payment of restitution to the victim outweighs the need for a prison sentence.
☐ The victim was an initiator, willing participant, aggressor, or provoker of the incident.
☐ The defendant acted under extreme duress or under the domination of another person.
☐ Before the identity of the defendant was determined, the victim was substantially compensated.
☐ The defendant cooperated with the State to resolve the current offense or any other offense.
☐ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.
☐ At the time of the offense the defendant was too young to appreciate the consequences of the offense.
☐ The defendant is to be sentenced as a youthful offender.
Pursuant to 921.0026(3) the defendant's substance abuse or addiction does not justify a downward departure from the lowest permissible sentence.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

STATE OF FLORIDA  CASE NO. 07-05524-CFA
vs.

KAREN MACVICAR RABORN,
Defendant.
_____/

APR 23 2009
CLERK SEMINOLE COUNTY

PLEA AGREEMENT
(RULE 3.171)

☑ The undersigned defendant withdraws the previously entered plea(s) of not guilty and tenders a plea of guilty, ☐ no contest as follows:

| Case Number | Offense | Maximum Sentence | Mandatory Sentence | Probable Guidelines Range |
|---|---|---|---|---|

07-05524-CFA
COUNT 1: ORGANIZED FRAUD ($50,000.00 OR MORE) (F1) 817.034(4)(a)
COUNT 2: GRAND THEFT ($100,000 OR MORE) (F1) 812.014(2)(a)

If my plea is guilty, I hereby acknowledge that I am in fact guilty of the foregoing offenses. When asked by the Judge, I will provide a factual basis to support my plea. If my plea is no contest, I believe such plea is in my best interest and recognize that the Judge will find me Guilty after being provided a factual basis.
The State of Florida and I have agreed upon the following sentence to be imposed as a condition of this plea.

ADJ. ON BOTH COUNTS, 72 MONTHS D.O.C., RESTITUTION IN FORM OF JUDGMENT

I understand that if probation is a part of my sentence that the court may impose conditions of probation authorized by law, including restitution and public service and, unless conditions are specifically attached hereto, those conditions are by this agreement left to the discretion of the court. I further understand that statutory costs may be imposed as a part of my sentence unless those costs are waived by the court.
I have the right to plead not guilty and to be tried by a jury with the assistance of a lawyer, the right to compel attendance of witnesses on my behalf, the right to confront and cross examine witnesses against me, the right to present defenses to the jury, and the right to take the witness stand and testify on my behalf. I also have the right not to take the witness stand and cannot be compelled to incriminate myself. I give up these rights by entering this plea.
I understand that if I enter a plea without reserving the right to appeal, I will give up my right to appeal all matters relating to the judgment, including the issue of guilt or innocence except for the limited review available by collateral attack. I also give up my right to appellate review on any pretrial rulings made by the court unless such right is specifically reserved in this agreement.
I understand that I may be asked questions by the judge under oath about this plea and that my answers, if untruthful, may be used against me later in a prosecution for perjury.
I enter this plea freely and voluntarily. No person has forced, threatened or coerced me into entering this plea.
I am satisfied with the representation my lawyer has given me and I have fully discussed my case and the contents of this agreement.
I have discussed the physical evidence that may be available in my case with my lawyer, including physical evidence that may tend to prove I did not commit the crime(s) charged, such as DNA evidence. I am satisfied there is no such evidence in my case or I hereby waive any claim of innocence that may be established by the physical evidence, including DNA testing.
I am relying upon no promises or assurances except as contained in this agreement.
I understand that if I enter a plea to a felony offense or a sex offense I must register as a convicted felon or as a sex offender as required by law. If I am pleading to a sex offense, I have been advised by my lawyer that my liberty may be restricted, including but not limited to, where I may live, where I may work and with whom I may have contact.
I understand that if I am pleading guilty or no contest to a sexually violent offense or a sexually motivated offense, or if I have previously been convicted of such an offense, I may be subject to involuntary civil commitment as a sexually violent predator upon completion of any prison sentence.
I understand that if I am not a United States Citizen, entry of this plea may subject me to deportation by the United States Immigration Service.

I do not suffer from any physical or mental disabilities to the degree that I am incapable of understanding this agreement, the nature of the proceeding against me, or assisting my lawyer in my behalf. I am not under the influence of alcohol or any drug at this time.

I understand that if I am pleading guilty or no contest to a sexually violent offense or a sexually motivated offense, or if I have previously been convicted of such an offense, I may be subject to involuntary civil commitment as a sexually violent predator upon completion of any prison sentence imposed.

I hereby give up my right to a speedy trial.

If I am not in custody, I acknowledge that part of the plea agreement in this case includes my continued release pending sentencing on bond, pretrial release or release on recognizance. I understand that this portion of the plea agreement is conditioned upon the following requirements:

(1) If a presentence investigation has been ordered, I must appear at the Department of Corrections office as directed by the court and schedule a presentence investigation not later than the first business day following the entry of my plea.

(2) I must obey the order of the court requiring me to undergo drug or alcohol screening or for other evaluation if such an order has been made in my case.

(3) I must appear on time for all appointments with the assigned probation officer and not be under the influence of any illegal drugs or alcohol.

(4) I must appear in court on time for sentencing and not be under the influence of any illegal drugs or alcohol.

I realize that this agreement is subject to being accepted or rejected by the Judge and if it is rejected for any reason other than for breach of this agreement, I may withdraw my pleas and go to trial.

I acknowledge receipt of a copy of the notice for my sentencing date. I understand and agree that if I fail to comply with any of the conditions set forth above I will have breached my plea agreement. In that event, I will not be allowed to withdraw my plea and the judge may sentence me to any sentence authorized by law for the offense(s) to which I have pled.

_____
Assistant State Attorney

_____
DEFENDANT
Date of birth: [redacted]   Age: 51

### CERTIFICATE OF ASSISTANT STATE ATTORNEY

I hereby certify that I have disclosed items of physical evidence which may be favorable to the defendant, including any possible DNA evidence, by list or description or this information will be disclosed at the time of entry of the plea.

_____
Fast Track Assistant State Attorney
Bar Number: 662127

### CERTIFICATE OF DEFENSE ATTORNEY

I certify that I have fully discussed this case and this plea agreement with the defendant including the nature of the charges, their elements, the evidence of which I am aware, any possible defenses, the maximum and minimum penalties which may be imposed, the probable guideline range and the defendant's right to appeal. I am not aware of any DNA testing that may exonerate the defendant.

_____
Counsel for Defendant
Bar No. 521557

23 SWORN TO, SIGNED AND FILED IN OPEN COURT, IN MY PRESENCE AND ACCEPTED BY ME THIS ___ DAY OF _____, 2009.

_____
Circuit Judge

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR SEMINOLE COUNTY, FLORIDA

( ) VICTIM IS A MINOR
( ) RESENTENCING - RETRIAL
( ) PROBATION VIOLATOR
( ) COMMUNITY CONTROL VIOLATOR
( ) DRUG OFFENDER VIOLATOR

CASE NO. 2007CF005524A

OBTS# 5901075215

COURT REPORTER LINDA GOODALL

STATE OF FLORIDA
VS.
KAREN MACVICAR RABORN
DEFENDANT

**MINUTES, JUDGMENT
AND SENTENCE**

COURT WAS OPENED WITH THE HONORABLE O. H. EATON JR

PRESIDING, AND IN ATTENDANCE: ASSISTANT STATE ATTORNEY KYAN WARE;

COURT CLERK SUSAN WINSLOW.

THE DEFENDANT, KAREN MACVICAR RABORN, BEING PERSONALLY BEFORE THIS COURT

REPRESENTED BY REISS, ADAM B, ATTORNEY OF RECORD AND HAVING:

FILED APR 23 2009 CLERK SEMINOLE COUNTY

| COUNT | CRIME/STATUTE NUMBER(S) | | DEGREE OF CRIME |
|---|---|---|---|
| 1 | ORGANIZED FRAUD | 817.034(4)(A)(1) | F-1 |
| 2 | GRAND THEFT | 812.014(2)(C)(1) | F-3 |

( ) REVOKED PROBATION/COMMUNITY CONTROL
( ) AND PURSUANT TO SEC. 943.325, F.S. HAVING BEEN CONVICTED OF ATTEMPTS OR
OFFENSES RELATING TO CHAPTERS 794 OR 800; SS 782.04, 784.05, 810.02,
812.133 OR 812.135, F.S., THE DEFENDANT SHALL BE REQUIRED TO SUBMIT
TWO BLOOD SPECIMENS.

DISTRIBUTION: WHITE-COURT FILE; GREEN-SHERIFF; YELLOW-STATE ATTORNEY;
PINK-PROBATION & PAROLE; GOLDENROD-DEFENSE ATTORNEY
___ DEPT OF CORRECTIONS(2) ___ SENTENCING GUIDELINES COMMISSION

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

Page: 2
04/23/2009 8:37 AM
Case # **2007CF005524A**
STATE OF FLORIDA vs **RABORN, KAREN MACVICAR**
OBTS # 5901075215

---

**SENTENCE (As to Count 1)**

**IT IS THE SENTENCE OF THE LAW:**
The Defendant is hereby committed to the custody of the Department of Corrections.

**TO BE IMPRISONED:**
For a term of 72 Months.

**SPECIAL PROVISIONS (As to Count 1)**

JAIL CREDIT It is further ordered that the Defendant shall be allowed a total of 1 days credit for time incarcerated before imposition of this sentence.

**SENTENCE (As to Count 2)**

**IT IS THE SENTENCE OF THE LAW:**
The Defendant is hereby committed to the custody of the Department of Corrections.

**TO BE IMPRISONED:**
For a term of 72 Months.

**SPECIAL PROVISIONS (As to Count 2)**

JAIL CREDIT It is further ordered that the Defendant shall be allowed a total of 1 days credit for time incarcerated before imposition of this sentence.
It is further ordered that the sentence imposed for this count (2) shall run concurrent with the sentence set forth in Count 01

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

Page: 3
Case # **2007CF005524A**
OBTS # 5901075215

04/23/2009 8:37 AM
STATE OF FLORIDA vs **RABORN, KAREN MACVICAR**

## ORDER OF COURT COSTS/FINE/RESTITUTION/JUDGMENT

**For Charge: 1 ORGANIZED FRAUD**

a. You will pay the following sums to the Clerk of the Court,
   P.O. Box 850, Sanford, FL 32772:

   - $50.00 CCTF (Crimes Compensation TF)(FS 938.03(1))
   - $200.00 Additional court cost (FS 938.05(1))
   - $3.00 CJT (FS 938.01)
   - $2.00 CJE (FS 938.15)
   - $65.00 Additional court costs assessed (FS 939.185(1)(a) and Seminole County Ord. #2004-3
   - $100.00 Costs of Prosecution
   - $3.00 Teen Court Program (FS 938.19(2))
   - **$423.00 SUBTOTAL COSTS**

   Restitution reduced to judgement
   **TOTAL FINES/COURT COSTS ONLY:       $423.00**

Make any Fines/Court Costs payable to CLERK OF THE COURT
Traffic Violations Bureau  P.O. Box 850
Sanford, FL 32772-0850


IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

```
                                                                  Page: 4
04/23/2009  8:37 AM                                               Case # 2007CF005524A
STATE OF FLORIDA vs RABORN, KAREN MACVICAR                        OBTS # 5901075215
```

---

**COMMITMENT**

    In the event the above sentence is to the Department of Corrections, the Sheriff of Seminole County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statute.

    (X)    The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

DONE AND ORDERED in Open Court at Sanford, Seminole County, Florida, 04/23/2009

                                                  Judge: _____

I acknowledge receipt of a certified copy of this Order, and that the conditions have been explained to me. I will, within 72 hours, report to the Department of Corrections, Probation & Parole Office, for further instructions.

DATE: _____

                                          PROBATIONER/COMMUNITY CONTROLEE

INSTRUCTED BY: _____

```
            IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA
                                                                                   Page: 1
04/23/2009 8:37 AM                                                                 Case # 2007CF005524A
STATE OF FLORIDA vs RABORN, KAREN MACVICAR                                         OBTS # 5901075215
```

Agency: SOSC                                     CD: 5D  Log:        Tape:
PLEA HEARING Opened At 08:35 AM on 04/23/2009 In Courtroom 5D, With the Following:

    Circuit Judge: O. H. EATON JR    Deputy Clerk: SUSAN WINSLOW
    State Attorney: KYAN WARE    Defense Attorney:
    Public Defender:    Deputy Sheriff/Bailiff: S. BELFIORE
    Court Reporter: LINDA GOODALL

    Charge(s):

| # | Description | Citation | Bond | Bondsman |
|---|---|---|---|---|
| 1 | ORGANIZED FRAUD | | A72183608 | VONWALDNER AMER |
| 2 | GRAND THEFT | | A72183609 | VONWALDNER AMER |

Defendant Was:
State Attorney KYAN WARE Was Present

For Charge: 1 ORGANIZED FRAUD
    Defendant entered a plea of **Nolo Contendere**
    to the Charge of **ORGANIZED FRAUD 817.034(4)(A)(1)**  F-1
    The Court found factual basis
    The Court accepted plea
    The Court waived PSI
    The Court proceeded to sentencing



For Charge: 2 GRAND THEFT
    Defendant entered a plea of **Nolo Contendere**
    to the Charge of **GRAND THEFT 812.014(2)(C)(1)**  F-3
    The Court found factual basis
    The Court accepted plea
    The Court waived PSI
    The Court proceeded to sentencing

RESTITUTION JUDGMENT TO FORWARDED TO THE COURT BY THE STATE.  DEFENDANT WAS REMANDED TO BEGIN
SERVING HER SENTENCE.

IN THE CIRCUIT COURT OF ThE 18TH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY, FLORIDA

Page: 2
04/23/2009 8:37 AM
Case # **2007CF005524A**
STATE OF FLORIDA vs **RABORN, KAREN MACVICAR**
OBTS # 5901075215

Judge: _[signature]_

RECEIPT OF DEFENDANT:
I hereby acknowledge receipt of the foregoing

X _____
    Defendant's Signature                    Address

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration at 301 N. Park Avenue, Sanford, FL 32771, (407) 665-4227 within 2 working days of your receipt of this notice.
If you are voice or hearing impaired, call 1-800-955-8771 or 711.
WITNESS THE CLERK AND SEAL ON 04/23/2009, and I hereby furnish the above named defendant a true copy hereof, and furnished other true copies to those indicated below:

_____ Probation
__/__ Sheriff                              MARYANNE MORSE, CLERK OF THE CIRCUIT COURT
_____ Bondsman
__/__ Defense Attorney          By: _[signature]_
_____ County Finance                       Deputy Clerk

_Defendant_

**Proposed Final Judgment**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

KAREN MACVICAR RABORN,

    Debtor.

_____/

Case No. 6:22-bk-04240-LVV

Chapter 7

## **FINAL JUDGMENT**

This case came before the Court upon the Motion to Approve Stipulation for Entry of Agreed Final Judgment (Doc. No. __) filed by Creditor, Catholic Diocese of Orlando, and the Debtor, Karen MacVicar Raborn. After reviewing the Stipulation (Doc. No. ___), it is

**ORDERED** that the Criminal Restitution Obligation and Judgment,[1] in the amount of $929,082.00, owed by Karen MacVicar Raborn in favor of Catholic Diocese of Orlando are non-dischargeable, fully enforceable, and unaffected by the Debtor's Bankruptcy Case under sections 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the Bankruptcy Code.[2]

###

*Attorney Danielle Merola is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.*

---

[1] Copies of the Criminal Restitution Obligation and Judgment are attached hereto as **Exhibit A.**
[2] All references to the Bankruptcy Code refer to 11 U.S.C. § 101 *et seq.*

4879-9631-7267.1